Viola BROWNING, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 90–1513.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1991.

Decided March 10, 1992.

---

Therese Schellhammer, Poplar Bluff, Mo., argued, for appellant.

Eric Tolen, Asst. U.S. Atty., St. Louis, Mo., argued, for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and URBOM,* Senior District Judge.

LOKEN, Circuit Judge.

Viola Browning appeals the district court's [1] order affirming the decision of the Secretary of Health and Human Services to deny her disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We agree with the district court that there is substantial evidence on the record as a whole to support the Secretary's decision. Accordingly, we affirm.

## I.

Browning worked at a shoe factory for nearly twenty years, most recently as a "back shoe" person who recorded defective shoes and wheeled them to the appropriate department for repair. In February 1986, at age fifty-two, she lost her job when the plant closed. On November 18, 1986, she applied for disability insurance benefits, alleging that she had been disabled since the plant closed by back and shoulder problems, migraine headaches, and nervousness.

After Browning's application was denied initially and on reconsideration, she requested and received a hearing before an administrative law judge. Her treating physician, Dr. John L. Hunt, submitted a medical evaluation that listed her as suffering from peptic ulcer disease, osteoarthritis, and migraine phenomenon, and listed her current medications as Fioricet, Valium, Tagamet, and Nalfon. Dr. Hunt's medical history file reflected that Browning had been treated for these ailments since at least 1978.

A medical evaluation by Dr. Chul Kim, who examined Browning at the government's request, largely confirmed Dr. Hunt's diagnosis. Dr. Kim reported that Browning has chronic pain of the upper back from an unknown cause, probably osteoarthritis; chronic migraine headaches since the age of sixteen; and "pain and limited range of motion" in both shoulders "with probable osteoarthritis or bursitis or tendinitis." He also reported that she had "depression from anxiety" for the previous four to six years but had received no treatment for this condition other than Valium, which provided relief when taken.

At the hearing, Browning testified that her work included rolling the racks of shoes and occasionally lifting them over obstacles; that she left her job because the factory closed and has not worked since; that she cannot walk more than one block without sitting; that she cannot stand or sit more than one-half hour, push or pull things, or raise her hands above her head without severe pain; that she cannot carry ten pounds more than ten feet; that she does light housework but has unbearable

---

* The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska, sitting by designation.

1. The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri, who adopted the report and recommendation of The HONORABLE ROBERT D. KINGSLAND, United States Magistrate Judge for the Eastern District of Missouri.

pain in her arm and back when she does any stressful activity; that she has continuous headaches that become intense if she is nervous or upset; and that she is constantly fatigued. In addition, Browning's daughter testified that she has "slowed down a lot" and "doesn't get along with people any more."

The ALJ issued his hearing decision on September 30, 1987, concluding that Browning was not disabled as of that date. Applying the five step analysis prescribed in the regulations, *see Bowen v. Yuckert*, 482 U.S. 137, 140–142, 107 S.Ct. 2287, 2290–2292, 96 L.Ed.2d 119 (1987), the ALJ first found that Browning's impairments were "severe" under 20 C.F.R. § 404.1521(a), but did not equal one of the listed impairments that are conclusively presumed to be disabling under 20 C.F.R. § 404.1520(d).

The ALJ then turned to the question whether Browning retained the "residual functional capacity" to return to her former light work. Acknowledging that her testimony provided evidence of fatigue and pain, the ALJ nonetheless found that her complaints of disabling pain were not credible because she does not take strong pain medication, because she had complained of fatigue and pain for many years "but her complaints did not stop her from working as long as her job was available," and because Dr. Hunt "did not report that the claimant was disabled."

Turning to the question of a possible mental impairment, the ALJ considered Dr. Kim's report of depression and concluded:

there is no indication whatsoever that the claimant's possible depression has interfered with her ability to relate appropriately or to perform the simple repetitive tasks required by her past job.

As required by § 404.1520a(d) of the regulations, the ALJ attached to his decision a "Psychiatric Review Technique" form stating that Browning has an "affective disorder," *see* Pt. 404, Subpt. P, App. 1, § 12.04, but that it results in too little functional limitation to be classified as a severe mental impairment. *See* § 404.1520a(c)(1).

Based upon these findings, the ALJ found that Browning's impairments do not prevent her from returning to her past work. This in turn required him to find that she is not disabled. *See* 20 C.F.R. § 404.1520(e).

Following the ALJ's adverse decision, Browning requested review by the Secretary's Appeals Council. Attempting to undermine the ALJ's analysis, she presented the Appeals Council with six new pieces of evidence: a post-hearing letter from Dr. Hunt diagnosing her as disabled[2]; a December 1987 psychological evaluation diagnosing her as a "major depressive, recurrent, chronic type"; and four sworn statements from former co-workers that her work had fallen off by early 1986, with one supervising foreman asserting that, had the plant not closed, Browning might have been fired. On February 11, 1988, the Appeals Council denied the request for review, explaining that it had considered Browning's newly submitted evidence and had concluded that it "does not warrant a change in the [ALJ's] decision that you were not disabled through September 30, 1987."

Browning then commenced this action seeking judicial review of the Secretary's adverse decision. In response to the parties' cross motions for summary judgment on the administrative record, the magistrate judge thoroughly reviewed the evidence in the record, including that submitted to the Appeals Council after the ALJ's decision, and recommended that summary judgment be granted to the Secretary. The district court adopted that recommendation, and this appeal followed.

## II.

■ We first examine the ALJ's decision on the basis of the record before him at the conclusion of the evidentiary hearing. Browning contends that the ALJ erred in

---

**2.** The letter stated in its entirety: "To Whom It May Concern: RE: Viola Browning. Mrs. Browning is disabled. She is unable to work. She is in need of further medical evaluation and diagnostic study." This was no doubt in response to the ALJ's observation that, "Dr. Hunt ... did not report that the claimant was disabled."

ignoring evidence that her impairments worsened over time, in finding her complaints of pain not credible, and in failing to consider the disabling effect of her impairments in combination. There was evidence pointing in both directions on each of these issues. Because " 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence,' " *Cruse v. Bowen,* 867 F.2d 1183, 1184 (8th Cir.1989) (citation omitted), we conclude that there was substantial evidence in the hearing record to support the ALJ's decision.

The medical record before the ALJ contains little suggesting that Browning was physically disabled. Dr. Hunt's file reflected that she had been treated for her present conditions for many years before she stopped working. Dr. Kim reported "[n]o significant swelling, deformity, heat or limitation in the range of motion in any major joint except both shoulders," which have restricted range of motion. Two residual functional capacity assessments prepared by other physicians at the initial consideration stage also supported the finding that Browning can return to her prior light work. Both doctors found limited but fairly substantial capacity to lift, walk, sit, push, and pull, ranging above what Browning had described as the requirements of her former job.

Likewise, the record before the ALJ supported his finding that Browning did not suffer from a "severe" mental impairment, that is, one that "significantly limit[s] [her] physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.-1520a(c)(1), 404.1521(a). The regulations prescribe a special procedure for analyzing mental impairments. *See* § 404.1520a. The ALJ properly followed that procedure, and there is substantial evidence to support his finding that Browning's affective disorder, depression, was not severe. *Compare Householder v. Bowen,* 861 F.2d 191, 192 (8th Cir.1988). Therefore, we must accept the ALJ's conclusion that she does not have a mental impairment which, in combination with her physical impairments, renders her unable to perform her prior work. *See*

*Russell v. Sullivan,* 950 F.2d 542, 544–545 (8th Cir.1991).

■ Browning also argues that the ALJ violated our decision in *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984), in finding that her complaints of disabling pain were not credible. She argues that the Secretary ignored her good work record, the increasing dosages of her medications, and medical evidence of her deteriorating condition.

The ALJ reviewed Browning's history of pain medication and found her dosages relatively constant and not particularly strong. He considered at length testimony as to her physical condition and daily activities. He found that she worked for several years despite complaining of the pain she now claims is disabling, and concluded that it was the plant-closing, not her physical condition, that forced Browning out of work. This analysis of prior work is legitimate. *Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir.1990); *Easttam v. Secretary of H.E.W.,* 364 F.2d 509, 513 (8th Cir.1966). It reveals an inconsistency in the record that justified the ALJ's discounting of Browning's subjective complaints of disabling pain. *Polaski,* 739 F.2d at 1322. We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain. *Dixon,* 905 F.2d at 238.

■ Finally, Browning argues that the ALJ did not consider whether her impairments in combination were disabling. *See* 20 C.F.R. § 404.1523. We disagree. After separately discussing Browning's physical impairments, affective disorder, and complaints of pain, as well as her daily level of activities, the ALJ found that her "impairments do not prevent [her] from performing her past relevant work." "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Secretary of H.H.S.,* 833 F.2d 589, 592 (6th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1050, 98 L.Ed.2d 1012 (1988).

■ Accordingly, we conclude that there was substantial evidence in the hearing

record as a whole supporting the ALJ's decision. True, there was evidence that Browning's condition has gradually worsened over time and that, by the time of the hearing, her daily activities were more restricted and her need for medication stronger than the ALJ painted them. However, even if we might have weighed the evidence differently, we may not reverse the Secretary's decision when there is enough evidence in the record to support either outcome. *See Robertson v. Sullivan*, 925 F.2d 1124 (8th Cir.1991).

### III.

■ The regulations permit an applicant who is dissatisfied with the ALJ's ruling to seek administrative review by the Secretary's Appeals Council. Here, Browning requested such review and submitted evidence not presented at the hearing for the Appeals Council's consideration. In a letter explaining why it denied review, the Appeals Council stated that it had considered her newly submitted evidence, but had concluded that it "does not warrant a change in the Administrative Law Judge's decision that [she was] not disabled through September 30, 1987." Under the regulations, when the Appeals Council denies review, the ALJ's determination stands as the Secretary's final decision. *See* 20 C.F.R. § 404.981; *Russell v. Bowen*, 856 F.2d 81, 83–84 (9th Cir.1988).

On appeal, Browning argues that the Appeals Council failed to make its own finding as to the severity of her mental impairment, and failed to articulate its own assessment of her additional evidence. These arguments misconstrue the function of the Appeals Council under the Secretary's regulations.

■ The regulations provide that Appeals Council review is not automatic but is limited to the circumstances defined in 20 C.F.R. § 404.970. Section 404.970(a) provides that the Appeals Council "will review" the ALJ's decision in four circumstances—if it discovers an apparent abuse

of discretion, an error of law, the absence of substantial supporting evidence, or "a broad policy or procedural issue that may affect the general public interest." Of particular importance here, § 404.970(b) adds a fifth situation in which the Appeals Council must review an ALJ's decision:

> If new and material evidence is submitted, the Appeals Council ... shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

■ If the Appeals Council grants review, its decision (absent a remand to the ALJ) becomes the Secretary's final agency action that is subject to judicial review. Here, on the other hand, the Appeals Council considered the new evidence submitted by Browning and then denied review. Browning urges us to review that decision on the merits and to conclude that the Appeals Council should have granted review and reversed the ALJ on the basis of her new evidence. However, as the Secretary points out, our statutory jurisdiction is confined to review of the "final decision of the Secretary," 42 U.S.C. § 405(g). Therefore, we may only review the ALJ's final decision, not the Appeals Council's non-final administrative decision to deny review. *See Damato v. Sullivan*, 945 F.2d 982, 988 (7th Cir.1991); 20 C.F.R. § 404.-981.[3]

Browning argues that this position is inconsistent with our decision in *Williams v. Sullivan*, 905 F.2d 214 (8th Cir.1990), where we remanded because the Appeals Council had *failed to consider* evidence that was new and material within the meaning of § 404.970(b). We disagree. Jurisdiction to review whether the Appeals Council has complied with the procedural requirements of the regulations does not

---

**3.** This regulation reads in part: "The Appeals Council's decision, *or the decision of the administrative law judge if the request for review is* *denied*, is binding unless you or another party file an action in Federal district court, or the decision is revised." (Emphasis added.)

imply jurisdiction to review the Appeals Council's non-final, substantive decision to deny review. *Cf. Edmundson v. Turner,* 954 F.2d 510, 512–513 (8th Cir.1992).

Having determined that we have no jurisdiction to review the Appeals Council's denial of review, the relevant issue becomes whether the new evidence Browning submitted to the Appeals Council changes our conclusion that there is substantial evidence to support the ALJ's final decision. We think not.

■ The Secretary has designated Browning's new evidence as part of the "evidence upon which the findings and decision complained of are based," 42 U.S.C. § 405(g), and therefore we consider it in our substantial evidence review.[4] There are problems in deciding how much weight to give such evidence. However, even if we give Browning's new evidence the same weight as evidence in the hearing record, the ALJ's final decision remains supported by substantial evidence in the record as a whole. Dr. Hunt's conclusory letter diagnosing Browning as disabled did not contain supporting medical evidence and therefore did not begin to overcome the substantial medical evidence supporting the ALJ's decision. *See Ward v. Heckler,* 786 F.2d 844, 846 (8th Cir.1986). The statements of her four co-workers supported Browning's contention that her condition had worsened by the time of the plant closing, but they did not dilute the record to the point that the ALJ's ultimate finding is insufficiently supported. The fact remained that Browning worked until the closing despite the limitations and hardships of her ailments. *Cf. Beasley v. Califano,* 608 F.2d 1162, 1166 (8th Cir.1979).

■ Likewise, the report of Browning's December 1987 psychological evaluation adds some support for her allegation of a disabling mental impairment, which was virtually unsupported in the hearing record before the ALJ. However, this one-time evaluation by nontreating psychologists was of little significance by itself. *See Henderson v. Sullivan,* 930 F.2d 19, 21 (8th Cir.1991). And even with the record so expanded, it still contained two psychological or psychiatric evaluations concluding that her mental impairment was not disabling, plus the evidence that she worked for eight years following her first Valium prescription. Finally, as the Appeals Council noted, this psychological examination focused on Browning's mental condition in December 1987. To the extent its description of her is at odds with the evidence before the ALJ three months earlier, it might reflect only a post-hearing deterioration in her mental condition, which is beyond the scope of this proceeding.[5]

For the foregoing reasons, the Secretary's decision that Browning was not disabled as of September 30, 1987, is affirmed.

4. We do not decide whether the Secretary may ever exclude from the decision record new evidence presented to the Appeals Council, for example, because the Appeals Council concluded that it was not "new and material." As our decision in *Williams* illustrates, such material must still be included in the full certified administrative record, and the reviewing court must ultimately determine, after giving due deference to the agency's views, what constitutes the record for purposes of applying the substantial evidence test under 42 U.S.C. § 405(g).

5. New evidence presented to the Appeals Council is relevant only to the extent that it describes the claimant's condition prior to the date of the ALJ's decision. 20 C.F.R. § 404.970(b).