980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Scott E. HILL, Appellant,
v.
THE DEPARTMENT OF HUMAN SERVICES, Louis Sullivan, Secretary, Appellee.
 No. 92-2387.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 13, 1992.
Filed: November 25, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Scott Hill appeals the judgment of the district court[1] upholding the Secretary's decision to deny Hill disability insurance benefits. Upon careful review of the record, we affirm.
 
 
 2
 In his July 25, 1990, decision, the administrative law judge (ALJ) acknowledged that Hill had some mental health problems, but decided that Hill was not entitled to disability insurance benefits because the record established that Hill was then engaged in substantial gainful activity, and that Hill had not produced evidence of an impairment which had prevented him from performing substantial gainful work activity for at least twelve continuous months. The Appeals Council denied Hill's request for review. Hill then sought judicial review, and the magistrate judge issued a report recommending that the district court grant summary judgment for defendants. After reviewing the record de novo, the district court adopted the magistrate judge's report, and Hill appealed.
 
 
 3
 We will not reverse the Secretary's decision, if it is based on substantial evidence, even if there is enough evidence in the record to support another outcome. Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992). We conclude that the ALJ's decision was supported by substantial evidence.
 
 
 4
 Hill alleged a disability onset date of April 15, 1988; he reported on his disability application that he worked until that month. Hill produced no evidence of a disabling physical or mental impairment as of April 1988. The medical evidence prior to this date included only emergency room reports for various injuries.
 
 
 5
 Hill testified that he was incarcerated on fraud charges before entering Eastern State Hospital (ESH) for a mental competency determination in August 1988. He did not produce any medical evidence of a disabling physical or mental condition between April and August 1988. ESH doctors found Hill competent to stand trial; Dr. Nunez thought he was "malingering" to avoid the charges. Hill's mother stated that he visits hospitals frequently, claiming to be ill. Hill admitted to ESH doctors that some of his prior complaints were untrue.
 
 
 6
 The record also shows Hill was treated by mental health professionals about once per month from November 1988 through April 1989; manic depression was ruled out in November, although Hill was on medication for his reported mental difficulties and sleep disorder. It appears that Hill continued these visits through April 1990. Dr. Porter, Hill's family physician, treated him from February to April 1989, for various physical complaints. Although this evidence tends to support Hill's claim that he suffered from psychiatric problems, the ALJ correctly ruled that Hill could not establish a disability lasting for a period of twelve months.
 
 
 7
 Moreover, the ALJ's conclusion that Hill was over-exaggerating his mental illness was supported by substantial evidence, including the opinions of various medical doctors and Hill's own mother. Two doctors examined Hill on January 15, 1990, at the ALJ's request, and they questioned Hill's veracity, found his test answers to be "deliberately confused," and did not find his "presentation" to be legitimate.
 
 
 8
 Finally, Hill began working again in late October 1989, less than twelve months after November 14, 1988, the date of his discharge from ESH. Hill's earnings from November 1989 through April 1990 met the requirements for substantial gainful activity under 20 C.F.R. § 404.1574(b)(2)(vi) and (vii) (1992). A claimant will not be considered disabled regardless of his medical condition if he is performing substantial gainful activity. See 20 C.F.R. § 404.1520(b) (1992); Cooper v. Secretary of Health & Human Serv., 919 F.2d 1317, 1319-20 (8th Cir. 1990). For this reason, Hill could not establish disability after November 1989.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota