982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lesley E. FREERKSEN, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health & Human Services, Appellee.
 No. 92-1914.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 2, 1992.
Filed: December 16, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lesley Freerksen appeals the judgment of the district court[1] upholding the Secretary's decision to deny Freerksen disability insurance benefits and supplemental security income (SSI). For reversal Freerksen argues that the Secretary erred in discounting his complaints of pain by finding that the complaints were not supported by the objective medical evidence and that he was not credible. Additionally, he argues that the Appeals Council erroneously failed to remand his application to the Administrative Law Judge (ALJ) upon receipt of new evidence and that the ALJ failed to develop the record properly by not exploring a psychological basis for the complaints of pain. Upon careful review of the record, we affirm.
 
 
 2
 According to medical evidence in the record, including the new medical evidence presented to the Appeals Council, Freerksen's past medical history was remarkable for minor surgeries in 1985 and 1986, chronic and widespread onycholysis of the fingernails and toes, inflammatory arthritis, iritis, psoriasis, possible Reiter's syndrome, and pleuritic chest pain.
 
 
 3
 We affirm the Secretary's decision to deny benefits as supported by substantial evidence on the record as a whole. See Baker v. Secretary of Health and Human Servs., 955 F.2d 552, 554 (8th Cir. 1992). We should not reverse the Secretary's decision, if it is based on substantial evidence, even if there is enough evidence in the record to support another outcome. Browning v. Sullivan, 958 F.2d 817, 821-22 (8th Cir. 1992). Because the Appeals Council denied review of Freerksen's claim after considering the newly submitted evidence, our jurisdiction is confined to review of the ALJ's decision, which serves as the final decision of the Secretary. Id. We reexamine the ALJ's decision in light of the newly submitted evidence. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992).
 
 
 4
 The new evidence submitted by Freerksen works both to his advantage and to his disadvantage. Although he documents work absenteeism due to medical problems, and shows regular treatments for his various ailments until and past the time of the hearing, the new evidence also exposes his freshman status at a local college, his gardening, his "voluntary resignation" by walking away from a job and never returning, and his negative stress test. In addition, the new evidence reveals comments from treating physicians finding no evidence of active cardiopulmonary disease; of synovial thickness, tenderness, deformity, or limited range of motion; of peripheral arthritis; of past history or x-rays to document severe disease; and only minimal evidence of axial arthritis.
 
 
 5
 The record before the ALJ reflected that Freerksen complained of pain to doctors, but it contained little correlative, objective evidence of debilitating disease. In fact, in many instances, there was no correlation at all. For example, although Freerksen pulled the event marker numerous times for chest pain while wearing a Holter Monitor, his shortness of breath and pain did not correlate with EKG or ST segment shifts or heart rate shifts. In addition, although Freerksen complained of arthritic pain in his joints to many doctors, only on one occasion, in 1983, was a corresponding swelling noted.
 
 
 6
 We conclude that the ALJ did not erroneously fail to explore a psychological basis for Freerksen's complaints of pain. Because the only evidence before the ALJ of a possible psychological basis for Freerksen's complaints was his testimony that he sometimes gets depressed and that his medications sometimes cause mood swings, the ALJ was not bound to explore such a basis.
 
 
 7
 Finally, as to the issue of credibility, we agree with the district court that Freerksen's activities of driving, limited child care, cooking, laundry, shopping, dishwashing, other light housework, and later, attending college classes could properly be considered inconsistent with Freerksen's complaints. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984) (subsequent history omitted). In addition, the district court correctly concluded that the ALJ properly determined the weight to be given to a letter written by Freerksen's ex-wife, based on her financial interest. See Rautio v. Bowen, 862 F.2d 176, 180 (8th Cir. 1988). Without undermining the seriousness of Freerksen's condition, we believe the Secretary's decision is supported by substantial evidence.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa