34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Buelah M. HATTEN, Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health and Human
Services, Appellee.
 No. 93-3168EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 9, 1994.
Filed: August 17, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Buelah M. Hatten filed a claim for supplemental security income benefits based on disability. The Secretary of the Department of Health and Human Services denied Hatten's claim and the district court affirmed the Secretary's denial. Hatten appeals. After carefully reviewing the record, we conclude substantial evidence supports the Secretary's denial of benefits. See Browning v. Sullivan, 958 F.2d 817, 821-22 (8th Cir. 1992) (standard of review). Thus, we affirm.
 
 
 2
 On appeal, Hatten contends her mental impairments were the medical equivalent of a presumed disability. A person is presumed to be disabled if she has "[a] valid verbal, performance or full scale [Weschler Adult Intelligence Scale (WAIS) ] IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, listing 12.05C. We agree with the district court that Hatten's credible mental impairments were not the equivalent of listing 12.05C. Although all but one of Hatten's scores from the WAIS or similar IQ tests were lower than 70, these tests were judged invalid by the testers due to Hatten's lack of effort. The Administrative Law Judge (ALJ) found Hatten's IQ was between 70 and 74 based on a psychologist's estimate. Regardless of Hatten's actual IQ, however, Hatten did not show she is disabled under listing 12.05C because she failed to present evidence that she has an additional physical or mental impairment imposing a significant work-related limitation. Hatten's depression is intermittent or low-grade, and the record does not indicate the depression would significantly interfere with Hatten's ability to work.
 
 
 3
 Hatten also contends the ALJ did not properly consider her impairments in combination as required by 20 C.F.R. Sec. 416.923. We disagree. The ALJ sufficiently considered Hatten's impairments when he discussed them and concluded they did not prevent Hatten from working. See Browning, 958 F.2d at 821.
 
 
 4
 We reject Hatten's contention the ALJ failed adequately to develop the record because he did not obtain additional psychological tests. Although the IQ tests in the record were not useful, it was Hatten's own lack of effort that invalidated the tests. There is no indication that yet another test would have produced a valid result.
 
 
 5
 We also reject Hatten's contention the ALJ improperly discredited her subjective complaints of pain and fatigue. The ALJ was free to disbelieve Hatten's and her corroborating lay witnesses' testimony. See Brockman v. Sullivan, 987 F.2d 1344, 1347 (8th Cir. 1993). The medical evidence did not support Hatten's claim that she suffered severe pain in connection with each of her numerous ailments and Hatten's failure to offer evidence of medical treatment was inconsistent with her claim she suffered mental impairments and blackout spells due to a head injury from an auto accident. See Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989).
 
 
 6
 Finally, Hatten contends the ALJ's hypothetical to the vocational expert was insufficient because the hypothetical did not include all her impairments. We disagree. The ALJ's hypothetical was sufficient because it set forth the impairments the ALJ accepted as true. See Onstad v. Shalala, 999 F.2d 1232, 1234-35 (8th Cir. 1993) (hypothetical need not include impairments the ALJ rejects so long as findings are supported by substantial evidence).
 
 
 7
 Accordingly, we affirm.