70 F.3d 1276
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Samuel QUICK, Plaintiff--Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant--Appellee.
 No. 95-1642.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 17, 1995
Filed Nov. 27, 1995
 
 Before McMILLIAN and LOKEN, Circuit Judges, and BOGUE,* District Judge.
 PER CURIAM.
 
 
 1
 Samuel Quick applied to the Commissioner of Social Security for disability and Supplemental Security Income benefits, see 42 U.S.C. Secs. 423(a)(1), 1381a, alleging that he became disabled on June 25, 1991, when he was thirty-nine years old. Following a hearing, an administrative law judge ("ALJ") found that Quick's subjective complaints were not entirely credible, that he was able to perform his past relevant work as a truck dispatcher, and thus that he was not disabled as of the alleged onset date. After the Commissioner's Appeals Council denied review, the district court[1] held that the Commissioner's decision is supported by substantial evidence, and Quick appeals. We affirm.
 
 
 2
 Although Quick initially claimed that he was disabled by heart problems, on appeal he primarily argues that the ALJ improperly rejected the opinion of a treating physician, Dr. Abu Libdeh, that Quick suffers from "fibrositis." There is no evidence, however, that Dr. Abu Libdeh had ever treated Quick before making this medical assessment the day before the administrative hearing. The opinion of a consulting physician is ordinarily entitled to less weight. See Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989). Moreover, when the ALJ sent Dr. Abu Libdeh a letter asking the objective basis for his opinion, he responded that fibrositis is a diagnosis made by excluding other ailments, that it has few objective symptoms, and that the diagnosis was based mainly on Quick's subjective complaints. We conclude that the ALJ did not err in discounting Dr. Abu Libdeh's opinion. See Janka v. Secretary of H.E.W., 589 F.2d 365, 369 (8th Cir.1978). Therefore, the medical evidence as a whole supports the ALJ's finding that Quick can perform his past work as a truck dispatcher.
 
 
 3
 Quick next argues that the ALJ improperly applied the standards of Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984), in rejecting Quick's subjective complaints of severe arthritic pain, shortness of breath, fatigue, clumsiness, and numbness. Quick never complained about disabling pain before he saw Dr. Abu Libdeh on the day before the hearing: not in his application for benefits, request for reconsideration, or request for an administrative hearing. His failure to seek medical attention is inconsistent with complaints of disabling pain. See Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir.1987). We conclude that the ALJ adequately developed the record in this regard, applied the relevant Polaski criteria, and properly explained why he found Quick's subjective complaints not to be credible. See Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.1990).
 
 
 4
 Quick's remaining claims of legal error are without merit. The ALJ was not required to obtain vocational expert testimony before concluding that Quick is able to perform past relevant work. See Lewis v. Heckler, 808 F.2d 1293, 1297 (8th Cir.1987). The ALJ's Decision confirms that he did not fail to consider the effect of Quick's impairments in combination. Cf. Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir.1992). And finally, when the Appeals Council denies review, the ALJ's determination, not the denial of review, stands as the sole reviewable final agency action. Id. at 822-823.
 
 
 5
 After careful review of the administrative record, we agree with the district court that the Commissioner's decision is supported by substantial evidence on the record as a whole and therefore affirm.
 
 
 
 *
 The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The HONORABLE JOSEPH E. STEVENS, JR., Chief Judge of the United States District Court for the Western District of Missouri