**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUDY GALLEGOS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-2267
(D.C. No. CIV-96-0510 JP/WWD)
(D. N.M.)

**ORDER AND JUDGMENT**[**]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Rudy Gallegos appeals from an order of the district court that affirmed the Commissioner's denial of his claim for social security disability and supplemental security income benefits.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Plaintiff alleged a disability beginning on April 16, 1986, due to head, neck, and back injuries and a hearing loss suffered in a fall from scaffolding at work.  Although he has a high school education, plaintiff is of borderline intelligence with a full-scale IQ of seventy-eight since his accident.  His past work was heavy, unskilled work as a construction laborer and janitor.  He was thirty-five years old at the time the administrative law judge (ALJ) issued her final decision on June 26, 1995.

Plaintiff's claim for benefits was denied initially and upon reconsideration. He requested a hearing before an ALJ, who also denied his claim.  Upon review, the Appeals Council remanded the case for further development of the record. The ALJ conducted another hearing and again denied benefits.  The Appeals Council denied review of the ALJ's second decision, making it the final decision of the Commissioner.

Plaintiff asserts on appeal that the ALJ erred: (1) by failing to obtain additional consultative examinations, as directed by the Appeals Council in its initial remand order; (2) in finding that plaintiff did not meet the listing for organic mental disorders, 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.02; (3) in relying on a hypothetical question to the vocational expert (VE) that did not include all of plaintiff's limitations; (4) in discrediting plaintiff's testimony as to the frequency and severity of his symptoms; and (5) in determining that plaintiff retained the residual functional capacity (RFC) for work. We review the Commissioner's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995).

Plaintiff's challenge to the ALJ's adherence to the Appeals Council's remand order is not cognizable by this court. By statute, our jurisdiction extends only to the Commissioner's final decision, which in this case is the ALJ's second decision. See 42 U.S.C. § 405(g); see also Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). Plaintiff does not argue that the ALJ failed to adhere to a legal requirement to obtain additional medical evidence in reaching her second, final decision, but only that the ALJ did not follow the Appeals Council's direction. Therefore, plaintiff's first issue is not within our jurisdiction.

Plaintiff has not shown that the ALJ erred in deciding that he did not meet the listing for organic mental disorders, 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.02. The ALJ found that plaintiff met the "A" criteria of the listing, but not the "B" criteria. See II Appellant's App. at 32-34. Substantial evidence supports the ALJ's conclusion that plaintiff does not meet the "B" criteria of the listing because he suffers only "slight" restrictions of activities of daily living and "slight" difficulties in maintaining social functioning, he "seldom" suffers deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, and he "never" suffers episodes of deterioration or decompensation in work or work-like settings. Id. at 33-34. We therefore find no error in the ALJ's conclusion that plaintiff does not meet the listing.

Plaintiff next argues that the ALJ erred in relying on the VE's response to a hypothetical question that did not include all of his alleged mental impairments. A hypothetical question need only include those impairments the ALJ accepts as true. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). The ALJ followed the correct procedure in rejecting plaintiff's claims of mental impairments other than dizziness with bending and stooping, occasional headaches, and susceptibility to stress. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995). Therefore, the ALJ

did not err in relying on the VE's testimony that plaintiff can work in spite of these impairments.

Plaintiff also contends that the ALJ erred in discrediting his testimony as to the frequency and severity of his symptoms. "Credibility determinations are peculiarly the province of the [ALJ], and we will not upset such determinations when they are supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). The ALJ thoroughly discussed her reasons for discounting plaintiff's complaints in light of the medical evidence, see II Appellant's App. at 24-28, and we therefore will not disturb her conclusions. Cf. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (remanding where ALJ did not give reasons for his decision).

Finally, plaintiff contends that the ALJ erred in determining that he retained the RFC for work. He argues, again, that the ALJ did not obtain additional medical evidence required by the Appeals Council in its remand order, and also that the ALJ improperly discounted evidence from Goodwill Industries, where plaintiff worked briefly, that his capabilities were significantly limited. We disagree. We have already pointed out that plaintiff has not argued that the ALJ was legally obligated to obtain additional medical evidence on remand. In addition, it is apparent that the ALJ interpreted the report from Goodwill Industries differently than plaintiff. We have reviewed it and find no error in the

ALJ's conclusion that Goodwill Industries found plaintiff unmotivated to work, not incapable of work.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge