**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONNA E. HOLLAR,
Plaintiff-Appellant,

v.

No. 98-2748

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CA-96-138-5-V)

Submitted: July 30, 1999

Decided: September 23, 1999

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donna E. Hollar, Appellant Pro Se. Joseph L. Brinkley, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this case, the Commissioner of Social Security found that Donna E. Hollar was disabled from December 30, 1990 to June 12, 1992, when her disability ceased. Hollar now appeals the district court's order upholding the Commissioner's decision. We affirm.

Hollar alleged that she became disabled on December 30, 1990 due to complications from an automobile accident. Her application was denied initially and on reconsideration. After the ALJ issued his decision, Hollar sought review before the Appeals Council. The Appeals Council considered additional evidence submitted by Hollar but found that the evidence did not provide a basis for changing the ALJ's decision. The ALJ's decision therefore became the final decision of the Commissioner.

Hollar then filed the subject action in the district court. See 42 U.S.C. § 405(g) (1994). A magistrate judge found that substantial evidence supported the Commissioner's decision. Hollar, through counsel, objected to the magistrate judge's findings. The district court found her objections to be without merit, adopted the recommendation of the magistrate judge, and entered summary judgment for the Commissioner. Hollar timely appeals.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, our review is further restricted to consideration of the two issues that counsel raised in the objections to the magistrate judge's report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In her objections, Hollar complained that the

2

Appeals Council failed to consider and make explicit findings concerning the evidence submitted in support of her claim after the ALJ's decision. Second, Hollar contended that the magistrate judge erred in conducting a de novo review of the evidence, including the additional evidence submitted to the Appeals Council.

The Appeals Council in its decision did not engage in extensive analysis of the additional evidence but simply identified the evidence, stated that it had considered the evidence, and concluded that the evidence did "not provide a basis for changing the Administrative Law Judge's decision." At least one court of appeals has specifically rejected the claim that the Appeals Council must "articulate its own assessment of the additional evidence." Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). We agree with this conclusion and further note that the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision. See 20 C.F.R. § 404.970(b) (1999).

In her second objection, Hollar contended that the magistrate judge erroneously engaged in a de novo review of the additional evidence. To the contrary, the magistrate judge correctly analyzed the entire record. He found that substantial evidence supported the Commissioner's decision and that the additional evidence submitted to the Appeals Council did not change his finding. See Browning, 958 F.2d at 822-23.

Our review of the record and the district court's opinion adopting the recommendation of the magistrate judge discloses no reversible error. We therefore affirm on the reasoning of the district court. See Hollar v. Commissioner, No. CA-96-138-5-V (W.D.N.C. Sept. 18, 1998).* We dispense with oral argument because the facts and legal

_____

*Although the district court's judgment or order is marked as "filed" on September 17, 1999, the district court's records show that it was entered on the docket sheet on September 18, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4