UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DEBRA E. FREEMAN,
               *Plaintiff-Appellant,*

v.

WILLIAM A. HALTER,
COMMISSIONER OF SOCIAL SECURITY,
and his successors,
               *Defendant-Appellee.*

No. 00-2471

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Glen E. Conrad, Magistrate Judge.
(CA-99-773-7)

Submitted: June 29, 2001

Decided: July 27, 2001

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gary C. Hancock, GILMER, SADLER, INGRAM, SUTHERLAND
& HUTTON, Pulaski, Virginia, for Appellant. James A. Winn,
Regional Chief Counsel, Patricia M. Smith, Deputy Chief Counsel,
Andrew C. Lynch, Assistant Regional Counsel, Office of the General
Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia,

Pennsylvania; Robert P. Crouch, Jr., United States Attorney, John F. Corcoran, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Debra E. Freeman filed a claim with the Social Security Administration in June 1996 for a period of disability and disability insurance benefits, alleging disability commencing May 1, 1996, as a result of diabetes and arthritis pain. After denial of her claim initially and on reconsideration, Freeman requested a hearing before an Administrative Law Judge ("ALJ"). After considering her claim de novo, the ALJ concluded that Freeman was not entitled to disability insurance benefits because she could perform work at the sedentary exertional level, thereby concluding that she was not under a disability as defined by the Social Security Act. The ALJ's findings became the final decision of the Commissioner of Social Security (the "Commissioner") after being approved by the Appeals Council.

Freeman filed a complaint in the district court challenging the Commissioner's final decision as unsupported by substantial evidence. The parties consented to the jurisdiction of the magistrate judge and, after review limited to a determination as to whether there was substantial evidence to support the Commissioner's conclusion, the magistrate judge granted summary judgment in favor of the Commissioner. This appeal followed.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. 42 U.S.C.A. § 405(g) (West Supp. 2000). We must uphold the Commissioner's finding of no disability, even if we dis-

agree, as long as it is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ reviewing the case bears the responsibility of making findings of fact and resolving evidentiary conflicts. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Freeman contends that substantial evidence does not support the ALJ's findings because the ALJ failed to accord proper weight to Freeman's complaints of pain and failed to pose a proper hypothetical to the vocational expert. Freeman also maintains the Appeals Council erred in failing to consider the supplemental medical evidence she submitted.

After thoroughly evaluating the evidence before him, the ALJ found the objective medical evidence did not fully support Freeman's subjective complaints of pain. Contrary to her assertions of severe pain, her treating physician's treatment records lack any clinical findings or diagnosis documenting that Freeman suffered from a disability. Additionally, there is no evidence, other than Freeman's testimony, that her physical activity was restricted to the extent she claimed. Because there existed no objective clinical findings that Freeman's subjective complaints of pain prevented her from performing light exertional work at the sedentary level, the ALJ's decision must be upheld. We conclude therefore, that the Commissioner's decision is supported by substantial evidence and was based on the correct legal standards. Accordingly, we will not disturb the ALJ's findings.

Finally, while the Appeals Council did not engage in a detailed analysis of Freeman's supplemental evidence, at least one court of appeals has rejected the claim that the Appeals Council must "articulate its own assessment of the additional evidence." *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). As the *Browning* court noted, the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision. 20 C.F.R. § 404.970(B) (2000). The magistrate judge did, however, analyze the supplemental evidence and correctly noted that Freeman's treating physician stated there had been no change in Freeman's symptomology or physical findings. Accordingly, we find no merit to Free-

man's claims that the district court and Commissioner erred by failing to consider the additional evidence.

Having carefully reviewed the record and briefs, we find no error in the magistrate judge's order and affirm the decision on the reasoning of that court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*