Reuben GALLEGOS, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 02–56261.

D.C. No. CV–00–00203–JWJ.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 22, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Taller, Esq., Law Offices of Martin Taller, Anaheim, CA, for Plaintiff–Appellant.

Sara R. Robinson–Glasser, Esq., USLA—Office of the U.S. Attorney, Civil Division, Los Angeles, CA, Jacqueline A. Forslund, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Reuben Gallegos appeals the denial of his claim for social security disability and supplemental income benefits. We review de novo the district court's decision affirming the Commissioner's denial of benefits. *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Id.* The Commissioner's determination of disability is governed by the five-step, sequential evaluation process set forth in 20 C.F.R. § 404.1520. Because we conclude that substantial evidence supports the Administrative Law Judge's ("ALJ") determination at step four of the sequential disability evaluation process, we affirm.

At step four, the ALJ concluded that Gallegos could perform his past relevant work as a security guard. The ALJ posed a hypothetical (# 2) to the vocational expert ("VE") premised on the physical restrictions provided by Dr. Ho, Gallegos' treating physician. When asked if Gallegos could perform past relevant work, the VE responded that he could perform work as a security guard with difficulty, and that some suitable security guard positions were available. The VE did not indicate that Gallegos was incapable of engaging in such work. Because the VE testified, based on the treating physician's assessment, that Gallegos could perform past relevant work, substantial evidence exists in the record to support the ALJ's determination.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Contrary to Gallegos' contention, the ALJ did pose a hypothetical containing the slight mental limitations suggested in Dr. Musher's assessment. The VE testified that such limitations would not affect Gallegos' ability to perform work as a security guard. Additionally, the ALJ did not have an obligation to seek clarification from Dr. Ho regarding possible inconsistencies in his report because there was sufficient evidence in the record to make a determination regarding disability. *See* 20 C.F.R. §§ 404.1512(e), 416.912(e); *see also Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). Moreover, the ALJ did not abuse her discretion in assessing Gallegos' credibility because she provided specific findings justifying her decision to discredit his testimony and those reasons were adequately supported in the record. *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991) (en banc).

Because the ALJ applied the proper legal standards in determining that Gallegos was not disabled, and our review of the record indicates that substantial evidence supported the Commissioner's decision, we affirm.

AFFIRMED.