**Martha J. JACKSON, Plaintiff,**

v.

**Jo Anne B. BARNHART, Defendant.**

**C.A. No. 6:03–3997–23.**

United States District Court,
D. South Carolina,
Greenville Division.

Feb. 16, 2005.

---

H. Jeff McLeod, H. Jeff McLeod Law Office, Anderson, SC, for Plaintiff.

Marvin Jennings Caughman, U.S. Attorneys Office, Columbia, SC, for Defendant.

## *ORDER*

DUFFY, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision, which denied Martha J. Jackson's ("Jackson") claim for Supplemental Security Income ("SSI"). The record includes a Report and Recommendation ("R & R") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision be affirmed. Jackson timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R & R within ten days after being served with a copy).

## *BACKGROUND*

Jackson is a forty-eight year old individual with a limited ninth grade education who has not worked since 1978. Jackson alleges that she became disabled on January 1, 1995 due to asthma, hypertension, an uncontrollable bladder, and depression. Jackson originally filed for supplemental security income benefits in 1997. When this application was denied, Jackson, acting without counsel, did not appeal.

Jackson then filed the present application on June 14, 2000, again alleging a disability onset date of January 1, 1995. Jackson's petition was denied initially and upon reconsideration. After a hearing at which Jackson, her attorney, and a witness appeared, the ALJ concluded that Jackson was not disabled. The Appeals Council denied Jackson's petition for review, thus

making the ALJ's decision the Commissioner's "final decision" for purposes of this court's review.

## DISCUSSION

### I. Magistrate Judge's R & R

 The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber,* 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R & R, and Plaintiff's objections, and finds that the R & R accurately sets forth the facts and applies the correct principles of law. Accordingly, the court adopts the R & R by specific reference and incorporates it fully into this Order.

### II. Standard of Review

 The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Consequently, judicial review ... of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart,* 296 F.3d 287, 290 (4th Cir.2002). The phrase "substantial evidence" is defined as:

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel,* 270 F.3d 171, 176 (4th Cir.2001) (alteration in original).

### III. Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

[The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers

if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *Walls*, 296 F.3d at 290.

Applying this framework, the ALJ found, *inter alia*, that (1) Jackson had not engaged in substantial gainful activity since the alleged onset of disability; (2) Jackson suffered from mild asthma, hypertension, and depression that were all well controlled with medication; (3) Jackson did not have any impairment or impairments that significantly limited her ability to perform basic work-related activities, and therefore Jackson did not have a severe impairment; and (4) Jackson was not under a disability as defined in the Social Security Act at any time through the date of the decision. The Magistrate, after a searching consideration of the record, agreed with this conclusion.

## IV. Analysis

Jackson raises only one objection to the R & R. Jackson argues that the Magistrate improperly adopted the ALJ's decision to reject the opinion of Dr. Alfred Ebert, a psychiatrist who was one of Jackson's treating physicians. In 2002, Dr. Ebert opined that Jackson was disabled and unable to engage in substantial gainful activity. The Magistrate concluded that Dr. Ebert's ultimate conclusion regarding disability was "wholly contradicted by his records" in which he consistently noted that Jackson was doing "very well" and was "generally pretty healthy" (R & R at 13; Tr. at 182–186, 187, 344, 345). According to the Magistrate, the only negative findings reported by Dr. Ebert (before this ultimate conclusion that Jackson was disabled) occurred on one occasion when Jackson had not been taking her medication as prescribed because she ran out prior to her visit. (R & R at 13–14). In her objections to the R & R, Jackson argues that, in the face of this contradictory evidence, the ALJ had a duty to recontact Dr. Ebert to resolve any purported contradictions therein pursuant to Social Security Rule 96–5p.[1]

---

1. Other courts have noted that SSR 96–5p should be construed in conjunction with 20 C.F.R. §§ 404.1512(e)-(f) and 404.1527(c)(3), which address the need to recontact a treating physician and are among the regulations cited as authority for that particular ruling. *See* SSR 96–5p, at 122. As discussed herein, these regulations impose a duty to recontact a treating physician only when the record is inadequate to make a determination of disability. *See* 20 C.F.R. §§ 404.1512(e), 404.1527(c)(3); *see also, e.g., Gallegos v. Barnhart*, 80 Fed.Appx. 10, 12, 2003 WL 22417075 (9th Cir.2003) ("[T]he ALJ did not have an obligation to seek clarification from Dr. Ho regarding possible inconsistencies in his report because there was sufficient evidence in the record to make a determination regarding disability."); *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir.2001) ("It is the inadequacy of the record, rather than the rejection of the treating physician's opinion, that triggers the duty to recontact that physician. We believe there was an adequate record by which the ALJ could decide this difficult case. He had before him not only Dr.

■ Jackson correctly points out that if evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician, to determine if additional needed information is readily available. *See* 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."). Here, however, the ALJ did not make a finding that the evidence from Jackson's treating physician was inadequate to determine whether she was disabled. *See, e.g., Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In *Thomas,* the Ninth Circuit noted that

the requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability. The ALJ did not make a finding that the report was inadequate to make a determination regarding Ms. Thomas' disability. Instead, the ALJ disagreed with the report's finding . . . .

278 F.3d at 958. Jackson's argument that the ALJ had a duty to re-contract Dr. Ebert is even more problematic than the claimant's argument in *Thomas* for a simple procedural reason. Here, the ALJ did not employ Dr. Ebert's 2002 opinion in reaching his conclusion regarding Jackson's disability because Jackson had not submitted that opinion in the proceedings before the ALJ. Instead, Jackson first provided Dr. Ebert's 2002 opinion to the Appeals Council in May of 2003, more than six months after the ALJ issued his decision. As the Magistrate noted, the Appeals Council considered Dr. Ebert's opinion but concluded that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. at 7, 9).[2]

Even if the ALJ had been presented with Dr. Ebert's 2002 opinion, no duty to recontact him would have necessarily been triggered in this case. As the Magistrate reasoned, Dr. Ebert's ultimate conclusion regarding disability was wholly inconsistent with both the objective evidence contained in his treatment records and the records of the other physicians who exam-

Fanning's records but also the records of Ms. White's prior physician, as well as those of the consulting physicians.") (citation omitted).

**2.** In her objections to the R & R, Jackson does not raise arguments surrounding the Appeals Council's conclusion that Dr. Ebert's opinion did not provide a basis for changing the ALJ's decision. As the Commissioner points out, there is no requirement that the Appeals Council "articulate its own assessment of the additional evidence" in its decision to deny review. *See Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir.1992); *see also Freeman v. Halter,* 15 Fed.Appx. 87, 89, 2001 WL 847978, *2 (4th Cir.2001) ("As the *Browning* court noted, the regulation addressing additional evidence does not direct that the Appeals

Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision."); 20 C.F.R. § 404.970(B) (2000). In this case, the Appeals Council could have justifiably refused to consider Dr. Ebert's 2002 opinion because, as pointed out above, it was wholly contradictory with his earlier treatment notes and the objective medical evidence. *See Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996) ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."); *see also Hunter,* 993 F.2d 31, 35 (4th Cir.1992) (noting that "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.").

ined Jackson. There is no question that Dr. Ebert's voluminous treatment notes taken prior to his 2002 opinion provided a sufficient basis for his determination that Jackson was not disabled. *See, e.g., White v. Barnhart,* 287 F.3d 903, 908–09 (10th Cir.2001) (rejection of treating physician's opinion does not trigger duty to recontact; administrative law judge must find information received from treating physician to be inadequate for consideration); *Alejandro v. Barnhart,* 291 F.Supp.2d 497, 512 (S.D.Tex.2003) ("SSR 96–5p does not say that ALJs must recontact a treating physician whenever the record as a whole (or a treating physician's particular contribution to the record) fails to support his opinions. To the contrary, SSR 96–5p requires recontact solely when both (a) the record fails to support a treating source's opinion, and (b) the basis of the treating source's opinion is unascertainable from the record. The ALJ does not express confusion regarding the basis of Dr. Igoa's opinion; instead, she concludes that the purported basis for his opinion does not lend any support to said opinion. This distinction is dispositive [.]").

As noted above, Jackson has failed to raise any other objections to the R & R. Accordingly, the court need not consider other conclusions reached by the Magistrate, as Jackson has waived further review of these claims. *See Wright v. Collins,* 766 F.2d 841, 845–46 (4th Cir.1985). Even if the court were to conduct a *de novo* review of the entire R & R, the court would agree with the Magistrate thoroughly-documented and well-reasoned conclusion that the ALJ's decision to deny benefits was supported by substantial evidence.

### CONCLUSION

It is, therefore,

· **ORDERED,** for the foregoing reasons, that the Commissioner's denial of benefits is **AFFIRMED.**

**AND IT IS SO ORDERED.**