**Charles E. HUCKABEE, Appellee,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Appellant.**

**No. 72–1549.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1972.

Decided Nov. 7, 1972.

Michael H. Stein, Atty., Dept. of Justice (Harlington Wood, Jr., Acting Asst. Atty. Gen., John K. Grisso, U. S. Atty., D. S. C., and Kathryn H. Baldwin, Atty., Dept. of Justice, on brief), for appellant.

James P. Craig, Columbia, S. C. (J. Lewis Cromer, Columbia, S. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

The Secretary of Health, Education and Welfare appeals from an order of the district court which awarded Charles E. Huckabee disability benefits under the Social Security Act. Because the district court based its decision in part on a change in Huckabee's employment that occurred after the administrative hearing, we vacate its judgment and remand the case for further proceedings by the Secretary.

Although Huckabee suffers from numerous physical ailments, he was employed at the time of his administrative hearing as a security guard at a salary in excess of the amount deemed by the Secretary to constitute substantial gainful activity.[1] Despite Huckabee's testimony that he expected to quit or be fired in the near future because of his physical condition, the examiner concluded that he was not disabled within the meaning of the Social Security Act and denied his application for benefits. In reaching this decision the examiner relied in part on his finding that Huckabee was working 48 hours a week at $1.75 an hour.

Huckabee then sought review in the district court. In addition to alleging the same facts that he had presented to the hearing examiner, he claimed that he was forced to stop working because of his physical condition. The district court, reviewing the medical testimony and noting Huckabee was no longer employed, found that he was unable to engage in substantial gainful activity and awarded him benefits. On appeal, the government claims that Huckabee has been employed continuously, and it exhibited a work record to prove he earned in excess of $6,000 in the year following the administrative hearing.

■ ■ The continuity of Huckabee's employment is pertinent to his claim, but neither this court nor the district court may find facts anew or conduct a trial *de novo*. Vitek v. Finch, 438 F. 2d 1157 (4th Cir. 1970). And it is immaterial whether the new evidence is submitted by Huckabee to support his claim or by the government to rebut it. Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence. Domanski v. Celebrezze, 323 F.2d 882, 885 (6th Cir. 1963), cert. denied, 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed.2d 976 (1964); 42 U.S.C. § 405(g).

■ When the district court was faced with a claim that Huckabee became unable to work after the administrative hearing, it should have remanded the case to the Secretary for reconsideration in light of this new evidence. Accordingly, the judgment of the dis-

---

1. 42 U.S.C. § 423(d)(4) provides:

The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity. Notwithstanding the provisions of paragraph (2), an individual whose services or earnings meet such criteria shall, except for purposes of section 422(c) of this title, be found not to be disabled.

20 C.F.R. § 404.1534(b), the regulation implementing the above statute, states:

An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity under the criteria in §§ 404.1532 and 404.1533 and paragraph (a) of this section.

trict court is vacated, and the case is remanded with instructions to remand it to the Secretary.

Vacated and remanded.