**Florence L. AHEARN**

v.

**David MATHEWS, Secretary of Health, Education and Welfare.**

Civ. A. No. CA76–0556–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 31, 1977.

Carl F. Bowmer, Richmond, Va., Michael R. Dowling, Ashland, Ky., for plaintiff.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff, Florence Ahearn, brings this action in review of the final decision of the Secretary pursuant to the Social Security Act, 42 U.S.C. § 405(g) (1970). Plaintiff claims disability benefits for her deceased spouse, Thomas Ahearn. The sole issue before the Court is whether the decision of the Secretary is supported by substantial evidence. The matter comes before the Court on the motion of defendant for summary judgment and plaintiff's response thereto.

The record reflects that plaintiff's husband, now deceased, filed an application for a period of disability and for disability insurance benefits on May 19, 1971. At the time, plaintiff's husband alleged that he was unable to work since April 28, 1971 due to high blood pressure, arthritis, a then recent hernia operation, growth removal from the left elbow and fungus on the right hand. The Secretary concluded that Mr. Ahearn was disabled within the meaning of the Social Security Act, but further concluded that disability commenced as of March 27, 1974.

Mr. Ahearn at the time of his application was forty-nine years of age and had completed three years of high school. He had served in the United States Marine Corps for eight years and had worked as a meat cutter for approximately twenty-four years. The record shows that Mr. Ahearn suffered a series of maladies during the 1971–74 period. Reports indicated that Mr. Ahearn could not perform any heavy lifting. They further indicated that Mr. Ahearn had previously done heavy lifting as a meat cutter and subsequent to 1971 he was unable to continue working in that position. The medical reports, however, concluded that he was capable of doing light work between 1971 and 1974.

A witness testified at the hearing as a vocational expert to the effect that assuming all of the maladies that Mr. Ahearn complained of did in fact exist, in her opinion, claimant retained the capacity to perform lighter work chores. The expert testified that Mr. Ahearn was qualified for such positions as: (1) a meat carver in a hotel or restaurant, (2) a trimmer, (3) a poultry dresser or (4) a meat weigher. Mr. Ahearn at the time contended that he could not perform lighter jobs and that several employers refused to hire him when he told them of his arthritic and hypertension condition.

The function of this Court is to determine whether the agency decision is supported by substantial evidence based upon the record as a whole. *Huckabee v. Richardson,* 468 F.2d 1380 (4th Cir. 1972); *Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971).

 The burden of proof rests upon the plaintiff to establish entitlement to disability insurance benefits under the Act. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In the instant case, Mr. Ahearn had established that in 1971 he was unable to return to the type of work in which he was previously engaged. In light of that established fact, the burden shifted to the Secretary to show that there were specific jobs in the national economy which the then plaintiff was capable of performing. *Celani v. Weinberger,* 393

F.Supp. 804 (D.Md.1975) (See also *McLamore v. Weinberger,* 538 F.2d 572, 574 (4th Cir. 1976); *Taylor v. Weinberger,* 512 F.2d 664 (4th Cir. 1975).

In the instant case the Secretary has met his required burden. The doctors who examined Mr. Ahearn found him capable of performing light work. The vocational expert testified there were several light work positions Mr. Ahearn could perform in 1971 and that such positions existed in the national economy. When the claimant can engage in light forms of substantial gainful activity a disability is not established merely because he or she cannot return to his or her former position. *Celani v. Weinberger,* supra.

So concluding, defendant's motion for summary judgment must be granted.

An appropriate order will issue.