**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLARA JONES,
Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES,
Defendant-Appellee.

No. 97-1107

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Dennis W. Shedd, District Judge.
(CA-95-3994-4-19-JI)

Argued: December 3, 1997

Decided: February 27, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Townsend McChesney, FRALEY, MCCHESNEY
& MCCHESNEY, Spartanburg, South Carolina, for Appellant. David
Marcellus Frazier, Office of the General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Baltimore, Maryland, for Appellee. **ON
BRIEF:** J. Rene Josey, United States Attorney, John B. Grimball,

Assistant United States Attorney, Arthur J. Fried, General Counsel, Charlotte J. Hardnett, Principal Deputy General Counsel, John M. Sacchetti, Acting Associate General Counsel, Litigation Division, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a denial of Supplemental Security Benefits. Clara Jones complained fairly consistently for over ten years of pain in her back, foot, and legs. On January 20, 1993, she filed an application for Supplemental Security Income (SSI) payments, alleging that she was disabled by "back pain." The application was denied and an Administrative Law Judge (ALJ) found plaintiff not disabled after a hearing on December 13, 1994. Plaintiff requested review of the decision and presented new evidence supporting her claim, but the Appeals Council declined to review. With the denial of review by the Appeals Council, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981 (West 1998); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Plaintiff filed a civil action on December 20, 1995, seeking review of the denial of benefits. A magistrate judge recommended affirmation on August 21, 1996, and the district judge adopted the recommendation and affirmed the Commissioner's decision. Plaintiff appealed, claiming that the decision of the Commissioner was not supported by substantial evidence when all of the evidence, including that presented to the Appeals Council, was considered.

Section 405(g) of Title 42 requires that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." (West Supp. 1997). Substantial evidence is that "relevant

2

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting, Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The court should not substitute its judgment for that of the Commissioner. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In considering whether a decision meets the requirements of substantial evidence, the court must consider the administrative record. Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 95 (4th Cir. 1991), quoting, Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972); see 42 U.S.C.A. § 405(g). The administrative record includes not only the materials presented to the ALJ, but also those presented to the Appeals Council. Id. Thus, the issue before the court is not whether plaintiff is disabled, but rather whether the ALJ's determination that she is not disabled is supported by substantial evidence on the record as created before the ALJ and the Appeals Council.

To be eligible for Supplemental Security Disability benefits, a claimant must be unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d) (West Supp. 1997). An individual is disabled only if the impairments are so severe as to prevent the individual, "considering his age, education, and work experience, [from] engag[ing] in any other kind of substantial gainful work which exists in the national economy." Id. The opinion of a treating physician is to be accorded great weight. However, "circuit precedent does not require that a treating physician's testimony`be given controlling weight.'" Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996), quoting, Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, supra, 76 F.3d at 590, citing, 20 C.F.R. § 416.927.

The record before this court suggests that the evidence of plaintiff's treating physician was not supported either by clinical evidence or by the reports of other physicians. Plaintiff saw approximately eight different physicians since her complaints began in approximately 1984. The reports from the physicians are, throughout the ten year period,

3

inconclusive as to the extent of and as to any physical cause of plaintiff's pain. From 1984 through 1986, the plaintiff predominantly saw Dr. James A. McQuown. Dr. McQuown's records indicate relatively unchanging complaints from the plaintiff and unchanging findings on the doctor's part. The plaintiff notes leg or back pain in almost every visit, and the doctor notes the absence of physical evidence of a health problem each time. On February 13, 1986, Dr. McQuown recommends psychiatric testing. Throughout his records, he notes a possible diagnosis of Learned Pain Syndrome, "a condition resulting mainly from socio-emotional factors in the absence of progressive, invasive, and, most of the time, demonstrable pathology." Abstract of The Learned Pain Syndrome: Decoding a Patient's Pain Signals, Brena, S.F.; Chapman, S.L., 10(1) Nurse Pract. 24-5, 29-30, 32 (Jan. 1985).

Dr. McQuown's findings are supported by those of other physicians who saw plaintiff between 1988 and 1993. Dr. John R. Scott, whom plaintiff saw periodically between 1988 and 1993, notes complaints of knee and general leg pain but no physical evidence. On January 29, 1991, Dr. Scott finds the patient "markedly improved," but again in 1993 finds plaintiff to complain of leg and back pain without physical evidence of illness. Drs. Roger Bley, Charles Colby, W.C. Kitchens, Jr. and Max Kent all saw plaintiff for at least one visit at some point between 1989 and 1993, and all report complaints without evidence of injury, illness, or disability. Dr. Kent explained that patient had "low back pain, etiology undetermined." Dr. Kent's report states, "The patient's pain i[s] from a subjective view point. There are no organic findings. The patient's complaints are not consistent with her clinical and laboratory findings. I do not know whether the patient is having pain or not."

In contrast to the findings of these physicians are the findings of Drs. Dennis Murphy and James Cheezam. However, the findings of Drs. Cheezam and Murphy are controverted by the evidence of the other physicians and by many of Dr. Cheezam's own records. Dr. Cheezam began seeing plaintiff in 1991 and acted as her treating physician through 1994. Dr. Cheezam records consistent complaints of pain without medical indicia of injury or illness. Despite a lack of a medically determinable condition, Dr. Cheezam's notes of 11 September 1992 conclude that Ms. Jones "remains a low back cripple." Again on July 5, 1994, Dr. Cheezam's notes indicate that "Mrs. Jones

4

remains a low back cripple and is totally and permanently disabled from her condition." In February of 1993, Dr. Murphy's notes state that Ms. Jones suffers from chronic muscle spasm and back pain. The results of weighing the evidence in support of a finding of disability or against such a finding are equivocal at best.

Nor did the evidence submitted to the Appeals Council change the equation. To the Appeals Council, plaintiff submitted a strongly worded statement from Dr. Cheezam to the effect that he found her to be completely disabled by her back spasms; statements from Drs. McQuown and Scott, Dr. Cheezam's partners, stating that the court should consult with Dr. Cheezam, rather than them, regarding Ms. Jones medical condition; and a Diagnostic Evaluation completed by C. David Tollison, Ph.D., assessing her psychological state and her ability to perform work related tasks. Even discounting, as their statements seem to ask this court to do, Drs. McQuown's and Scott's medical records for Ms. Jones would not so substantially alter the weight of the evidence as to indicate that a reasonable mind could not find the evidence adequate to support a finding by the ALJ of no disability. Nor does the affirmation of Dr. Cheezam and a psychologist so change the record as to indicate that the ALJ's decision lacked sufficient support. This court finds that the determination by the ALJ that Ms. Jones was not disabled was supported by substantial evidence. The decision of the district court is, therefore,

AFFIRMED.

5