UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARY J. THOMAS,
　　　　　*Plaintiff-Appellant,*

v.

COMMISSIONER OF SOCIAL SECURITY,
　　　　　*Defendant-Appellee.*

No. 01-1544

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-00-104-3)

Argued: November 1, 2001

Decided: December 17, 2001

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Jeffrey Lynn Bishop, Charlotte, North Carolina, for
Appellant. James Michael Sullivan, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert J. Con-
rad, Jr., United States Attorney, Charlotte, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Mary J. Thomas appeals the judgment of the district court affirming the denial of her claims for disability insurance benefits and supplemental security income benefits. After the Administrative Law Judge ("ALJ") denied her claims, Thomas requested review by the Appeals Council of the Social Security Administration ("Appeals Council"). Although she provided the Appeals Council with additional medical evidence from her treating physician, it denied review. Because the record is unclear on whether the Appeals Council recognized the additional evidence to be from Thomas's treating physician, we vacate and remand.

I.

On January 30, 1997, Thomas filed applications for disability insurance benefits and supplemental security income benefits, alleging that she had been disabled since January 9, 1997.[1] Specifically, Thomas claimed on her Disability Report of January 30, 1997, that her disabling illnesses were "diabetes, swelling arthritis, high blood pressure, [and] high cholesterol." Tr. 72. Thomas asserted that her illnesses prevented her from working because they caused finger swells, blurry vision, headaches, vomiting, and gout. Prior to being laid off in January 1997, Thomas had worked for approximately ten years as a hooker in a textile mill, a job classified by the *Dictionary of Occupational Titles* as "medium work."[2] Previously, she had been

---

[1]Almost ten years earlier, on November 24, 1987, Thomas filed an application for supplemental security income benefits. That claim was denied initially, and she did not pursue an appeal.

[2]"Medium work" is defined in the Social Security Regulations ("the Regulations") to include "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c) (2001).

employed as a tagger in a textile mill, a job classified as "light work."[3]

At Thomas's request, the ALJ, in May 1998, conducted a hearing on her applications for benefits. He heard testimony from Thomas and considered "the conclusions and treatment notes of the claimant's treating and examining physicians, as well as the opinions of the State Agency Medical Consultants." Tr. 16. On June 22, 1998, the ALJ issued his detailed Notice of Decision denying Thomas's applications for benefits. Although he agreed that the medical evidence established that Thomas suffered from "severe" impairments, including diabetes mellitus, hypertension, gout, a heel spur, and osteoarthritis, the ALJ found that Thomas did not meet or equal the criteria of any impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (2001), and he also found that she retained the functional capacity to perform light work. Tr. 18-19. As such, the ALJ determined that Thomas was not under a disability as defined by the Social Security Act ("the Act").[4]

On July 7, 1998, Thomas filed with the Appeals Council a "Request for Review of Hearing Decision/Order." On December 21, 1998, while her request for review was pending, an additional physician, Dr. Josephine Lake, examined Thomas. Dr. Lake diagnosed

---

[3]The Regulations define "light work" as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (2001).

[4]Under the Act, the term "disability" is defined as:

> [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

Thomas as suffering from (1) gout with chronic pain of the left knee; (2) poorly-controlled diabetes; and (3) migraine headaches that occurred weekly, lasted hours, and were associated with vomiting. Dr. Lake then completed two reports, a "Sedentary Work Disability Statement" and a "Light Work Disability Statement" (collectively "Dr. Lake's Disability Reports"), concluding in the former that Thomas was unable to perform "sedentary work,"[5] and in the latter that she was unable to perform light work. Tr. 224-25. On December 30, 1998, Thomas provided the Appeals Council with both of Dr. Lake's Disability Reports. By letter dated January 7, 1999, Thomas's lawyer provided the Appeals Council with five additional pages of medical records on Thomas, described as "[m]edical reports and lab work from Anson Regional Medical Services" ("Anson Medical Records").[6] These records reflect medical examinations and related information concerning Thomas, conducted at Anson Regional Medical Services in Wadesboro, North Carolina, on December 3, 4, 9, and 23, 1998.

Over a year later, on February 25, 2000, the Appeals Council denied Thomas's request for review. As a result, the ALJ's Notice of Decision of June 22, 1998, constitutes the final decision of the Commissioner of Social Security (the "Commissioner") on Thomas's applications for disability insurance benefits and supplemental security income benefits. *See* 20 C.F.R. § 404.981 (2001) (explaining that denial of request for review by Appeals Council renders ALJ's deci-

---

[5]"Sedentary work" is defined by the Regulations as involving:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567 (2001).

[6]The January 7, 1999, letter from Thomas's lawyer to the Appeals Council does not identify the physician from whom the medical reports and lab work originated. On inspection, however, the signature or initials of Dr. Lake appear on four of the five pages of the records accompanying the letter. As such, it appears that the Anson Medical Records relate to Dr. Lake's treatment of Thomas.

sion binding). Although the Appeals Council denied Thomas's request for review, it received and filed the new evidence, i.e., Dr. Lake's Disability Reports and the Anson Medical Records, into Thomas's administrative record. The Appeals Council explained, however, that it had "considered the contentions raised in your representative's [appeal] letter dated August 5, 1998, as well as the additional evidence also identified on the attached Order of the Appeals Council, but concluded that neither the contentions nor the additional evidence provide[d] a basis for changing the Administrative Law Judge's decision." Tr. 5.

Pursuant to the provisions of 42 U.S.C. § 405(g), Thomas then initiated this civil action in the Western District of North Carolina, seeking review of the Commissioner's denials of her applications for benefits. Her case was referred to the United States Magistrate Judge and, on February 16, 2001, he issued a detailed Memorandum and Recommendation concluding that summary judgment should be awarded to the Commissioner and that the ALJ's decision should be affirmed. *Thomas v. Halter*, Memorandum and Recommendation, No. 3:00CV104-MU (W.D.N.C. Feb. 16, 2001). After conducting its independent review of the record, the district court, on March 16, 2001, issued its Order accepting the recommendation of the Magistrate Judge, *Thomas v. Halter*, Order, 3:00CV104-MU (W.D.N.C. Mar. 16, 2001), and entered summary judgment for the Commissioner. *Thomas v. Commissioner*, Judgment in a Civil Case, 3:00cv104MU (W.D.N.C. Mar. 16, 2001).

Thomas filed her timely notice of appeal on April 6, 2001. In this appeal, she contends that the Appeals Council erred by failing to give appropriate weight to Dr. Lake's Disability Reports and the Anson Medical Records.[7] We possess jurisdiction pursuant to 28 U.S.C. § 1291.

---

[7]Thomas also maintains on appeal that the ALJ erred in rejecting the functional capacity assessment of her other treating physician, Dr. Floyd Deen. Because we remand based on Dr. Lake's status as a treating physician, any analysis by this Court of the ALJ's decision to discount Dr. Deen's functional capacity assessment would be premature.

## II.

As a general proposition, our review of the ALJ's denial of disability insurance benefits and supplemental security income benefits is limited to determining whether such a decision is supported by substantial evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citations and quotations omitted); *NLRB v. Peninsula Gen. Hosp. Med. Ctr.*, 36 F.3d 1262, 1269 (4th Cir. 1994) (same). In order for this Court to determine whether the ALJ's decision is supported by substantial evidence, we must first assess whether the Commissioner has provided adequate information to explain its decision. *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence.").

## III.

Thomas maintains on appeal that the Commissioner erred in failing to adequately consider Dr. Lake's Disability Reports and the Anson Medical Records. Because, as we explain below, we are unable to determine from the record whether the Appeals Council understood Dr. Lake to be a treating physician, we now remand for further development of the record.

As we have observed, Dr. Lake diagnosed Thomas with gout with chronic pain of the left knee; poorly-controlled diabetes; and migraine headaches that occurred weekly, lasted hours, and were associated with vomiting. Dr. Lake then concluded that Thomas could not perform even sedentary work. Because she examined Thomas in December 1998, after the ALJ issued his June 1998 decision, the ALJ was not afforded an opportunity to consider Dr. Lake's Disability Reports and the Anson Medical Records. The Appeals Council, however, considered both submissions, and it added them to Thomas's administrative record. Ultimately, however, the Appeals Council offered only the ambiguous explanation "that neither the contentions nor the additional evidence provide[d] a basis for changing the Administrative Law Judge's decision." Tr. 5.

It has long been settled that "[r]eviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence." *Wilkins v. Secretary, DDHS*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc) (quoting *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972)). Although the Appeals Council discounted the "additional evidence," it specifically incorporated Dr. Lake's Disability Reports and the Anson Medical Records into Thomas's administrative record. We are obliged to review the record as a whole, including the evidence added to the administrative record by the Appeals Council subsequent to the ALJ's decision, in determining whether substantial evidence supports the ALJ's findings. *Id.*

The Magistrate Judge discounted Dr. Lake's Disability Reports, at least in part, because he understood that "Dr. Lake was not a treating physician." J.A. 17. Until oral argument of this appeal, the Commissioner likewise represented to this Court that Dr. Lake was not Thomas's treating physician. At argument the Commissioner's counsel candidly corrected this error, and he acknowledged to us that Dr. Lake was a treating physician. From this record, however, we are unable to discern whether the Appeals Council, like the Magistrate Judge, failed to correctly understand that Dr. Lake was Thomas's treating physician. Indeed, its statement discounting the "additional evidence" gives no indication whether it understood Dr. Lake to be a treating physician. As this Court has stated, "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). *See also Riley v. Apfel*, 88 F. Supp. 2d 572, 579-80 (W.D. Va. 2000) ("When this court is left in the dark as to how the Appeals Council treated the new evidence a meaningful judicial review is impossible.").

Whether the Appeals Council properly recognized Dr. Lake to be a treating physician is significant to the Thomas disability determination primarily because "the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam); *see also Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("[The treating physician] rule requires that the opinion of a claimant's treating physician be given great weight and may be disre-

garded only if there is persuasive contradictory evidence."); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (same).

Because of the ambiguity in the record, and in light of the treating physician rule, we believe the district court should remand this case to the Commissioner for further development of the record. The Commissioner should then evaluate Dr. Lake's Disability Reports, as well as the Anson Medical Records, while giving appropriate consideration to Dr. Lake's status as a treating physician.

## IV.

Pursuant to the foregoing, we vacate the judgment and remand. The district court should return this case to the Commissioner for such further proceedings as may be appropriate.

*VACATED AND REMANDED*