UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| MARK N. BISHOP,<br>　　　　　　*Plaintiff-Appellant,*<br><br>v.<br><br>JO ANNE BARNHART, Commissioner<br>of Social Security,<br>　　　　　　*Defendant-Appellee.* | No. 03-1657 |

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-01-87)

Submitted: September 29, 2003

Decided: October 20, 2003

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mark N. Bishop, Appellant Pro Se. Michelle Dawn Scotese, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Mark N. Bishop appeals the district court's order accepting the magistrate judge's recommendation to affirm the Commissioner's denial of social security disability and supplemental security income benefits. We affirm.

Bishop makes the following arguments on appeal: (1) the administrative law judge (ALJ) failed to consider all relevant evidence; (2) the ALJ erred in his weighing of the medical evidence; (3) the ALJ erred in his credibility determination; and (4) the ALJ violated Bishop's Fourteenth Amendment right to equal protection.

We must uphold the district court's disability determination if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2000); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Contrary to Bishop's argument, the ALJ's opinion and the hearing transcript reveal that the ALJ considered all relevant evidence of record with regard to Bishop's physical and mental impairments. In fact, the ALJ's opinion reveals a thorough examination of both physical and mental impairments, as well as their combined effect on Bishop's ability to work. Likewise, the ALJ's hypotheticals to the vocational expert incorporated both physical and mental limitations that are supported by the record.

Bishop also raises the following arguments with regard to his contention that the ALJ did not consider all relevant medical evidence, all of which are without merit: (1) counsel failed to explain a ten-month lack of medical treatment; (2) counsel incorrectly informed the ALJ that he had advised Bishop of the hearing procedures and his rights; (3) counsel referenced an incorrect date with regard to one of Bishop's medical records; (4) counsel should not have asked Bishop whether he wished to make the ALJ aware of anything that was not

revealed through the testimony; and (5) the ALJ erred by refusing to order a consultative psychological evaluation.

Contrary to Bishop's contention, counsel did not err by failing to explain a ten-month lapse in medical treatment. In fact, Bishop himself was afforded the opportunity at the hearing to explain such lapse. His only explanation, however, was that he had to be with his children following the death of his ex-wife. Next, counsel did not err by advising the ALJ that Bishop had been informed of the hearing procedures and his rights. Bishop did not object to his counsel's statement to the ALJ. Furthermore, even assuming that counsel had not so advised Bishop, the ALJ informed Bishop of his right to ask questions at any time necessary during the hearing. Bishop never asked counsel or the ALJ for clarification at any point during the proceedings.

Bishop's argument that counsel erred by referencing an incorrect date with regard to one of his medical records likewise fails. Even if such a mistake occurred, the medical record at issue, which reflected the correct date, became part of the administrative record that the ALJ reviewed in reaching his finding of non-disability. Thus, any such error was harmless. Additionally, we find Bishop's argument that he should not have been asked to provide the ALJ with information not revealed through the testimony to be meritless. In particular, Bishop contends that, given his mental impairments, he was unable to intelligently respond to such a question. The record reveals that Bishop's primary mental impairments include difficulty maintaining attention and concentration for extended periods and difficulty following detailed or complex instructions. However, the question posed by counsel calls for neither of these abilities. Thus, the argument fails.

Finally, Bishop's argument that the ALJ erred by refusing to order a consultative psychological evaluation lacks merit. First, the regulations state that the ALJ has discretion in deciding whether to order a consultative examination. *See* 20 C.F.R. §§ 404.1519a, 416.919a (2002). The regulations further provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision. *See id.* That simply is not the case here. The ALJ had before him the opinions of Bishop's treating physician, a licensed clinical psychologist, state agency psychologists, and notes from Region Ten Community Services Board ("Region Ten"). Moreover,

the ALJ explained that his refusal to order a consultative evaluation was based partially on Bishop's ability to obtain an evaluation on his own from Region Ten, which he did. Thus, Bishop's argument is baseless.

Next, Bishop contends that the ALJ improperly weighed the medical evidence by granting controlling weight to the opinion of his treating physician ("Pugh") over that of a psychologist ("May") with regard to his mental impairment. The regulations provide that a treating physician's opinion should be granted controlling weight if it is consistent with other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2002). We find that Pugh's opinion is well-supported and is consistent with substantial evidence of record. All of the medical sources, including Pugh, found that Bishop's ability to maintain attention and concentration, as well as his ability to follow detailed or complex instructions, were diminished. In no other areas was Bishop deemed significantly limited. Both Pugh and May opined that Bishop would benefit from treatment for his depression. However, no medical source placed any other restrictions on Bishop. Thus, we find that the ALJ did not err by granting controlling weight to Pugh's opinion regarding Bishop's mental impairment.

Bishop next argues that the ALJ made an improper credibility determination. We disagree. Bishop alleges that the ALJ improperly discredited him based on his failure to testify regarding a job he briefly held as a vacuum salesman, especially given his mental impairment, as evidenced by psychological evaluations from Region Ten. Bishop contends that if the ALJ had reviewed these evaluations, the outcome would have been different. We disagree for two reasons.

First, we cannot review any evidence not contained in the record as reviewed by the ALJ in determining whether substantial evidence supports the ALJ's findings. *See Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972) (holding that reviewing courts are restricted to administrative record in determining whether Commissioner's decision is supported by substantial evidence). Thus, the first inquiry is whether the Appeals Council properly denied Bishop's request for review, which included the records from Region Ten he relies on in making this argument. For the following reasons, we find

that the Appeals Council did not err in denying Bishop's request for review.

The Appeals Council must consider evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the ALJ's decision. *See Wilkins v. Secretary of Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). We find that the evidence is not new because Bishop could have submitted it to the ALJ for consideration. The ALJ's decision was issued on December 3, 1999, but the letter from Region Ten indicates that Bishop began treatment on October 28, 1999, more than a month prior to the decision. Bishop provides no reason to show cause why he failed to submit such evidence to the ALJ. Moreover, the additional information is not material because it would not have changed the ALJ's decision. The letter from Region Ten merely states that Bishop was receiving treatment for major depression and panic attacks. It does not contain any limitations placed on him as a result of his depression, nor does it contain any sort of prognosis. Bishop also attached additional medical records from Region Ten to his informal brief. However, for the same reasons, we cannot consider this information in determining whether substantial evidence supports the ALJ's findings.

Second, contrary to Bishop's contention, we find that the ALJ did not discredit him based on his failure to testify regarding his work attempt as a vacuum salesman. Instead, the ALJ merely used this work attempt to demonstrate Bishop's belief that he was able to work. Moreover, in addition to this work attempt, the ALJ also found that the medical evidence of record did not support Bishop's subjective allegations regarding the severity of his impairment. The ALJ concluded that, at most, Bishop suffered from muscle spasms, a conclusion supported by the medical evidence of record.

Lastly, we find that the ALJ did not violate Bishop's Fourteenth Amendment right to equal protection. In a supplemental brief, Bishop argues that the ALJ refused to order a consultative psychological evaluation based on his status as an African-American. First, Bishop raises this issue for the first time in this Court. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal are waived absent exceptional circumstances).

Because he fails to show the requisite exceptional circumstances for appellate review, this issue has been waived. In any event, we find that such an argument lacks merit. Bishop bases his argument on the ALJ's response to the request for the consultative evaluation. In particular, the ALJ stated as follows: "All right. Now, I'm going to deny the request for another psychological examination. We, we had one in '98 and we can't keep sending these folks — he, he can go to Chapter 10 or — and he goes to see his family doctor." Bishop contends that the ALJ's use of the term "these folks" refers to African-Americans, thereby exhibiting discrimination as the basis for the refusal. However, this is nothing more than conjecture and speculation by Bishop. As previously discussed, the ALJ has discretion to order a consultative examination and, for the reasons discussed above, that discretion was not abused.

Accordingly, we affirm the district court's order denying benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*